# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**942**

**CAF 15-00684**

PRESENT: WHALEN, P.J., CENTRA, CARNI, CURRAN, AND TROUTMAN, JJ.
_____

IN THE MATTER OF OMIA M., DE'KARI M., ARIEL M.,
AND DWAYNE M.
---------------------------------------------         MEMORANDUM AND ORDER
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

TYKIA B., RESPONDENT-APPELLANT.
_____

EVELYNE A. O'SULLIVAN, EAST AMHERST, FOR RESPONDENT-APPELLANT.

ELISABETH M. COLUCCI, BUFFALO, FOR PETITIONER-RESPONDENT.

DEAN S. PULEO, ATTORNEY FOR THE CHILDREN, BUFFALO.
_____

Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered January 26, 2015 in a proceeding pursuant to Social Services Law § 384-b. The order denied respondent's motion to vacate an order approving respondent's surrender of her parental rights.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order denying her motion pursuant to CPLR 5015 (a) to vacate an order approving her conditional judicial surrender of parental rights with respect to her five children (*see* Social Services Law § 383-c [3] [a], [b]). The mother's motion was based solely upon Family Court's inherent power to open its prior orders or judgments in the interest of justice (*see generally Oneida Natl. Bank & Trust Co. of Cent. N.Y. v Unczur*, 37 AD2d 480, 483). Thus, the mother's contention that she did not knowingly enter into the surrender of her parental rights is raised for the first time on appeal and therefore is not preserved for our review (*see generally Matter of Arkadian S. [Crystal S.]*, 130 AD3d 1457, 1458, *lv dismissed* 26 NY3d 995). In any event, that contention is without merit. It is well settled that, in the absence of "fraud, duress or coercion in the execution or inducement of a surrender[, n]o action or proceeding may be maintained by the surrendering parent . . . to revoke or annul such surrender" (§ 383-c [6] [d]). Here, the mother failed to allege fraud, duress or coercion as a basis for vacatur (*see Matter of Sabrina H.*, 245 AD2d 1134, 1135). Moreover, the record establishes that the court's voir dire of the mother substantially complied with the requirements of Social Services Law § 383-c (3) (b) (*see Matter of Naquan L.G. [Carolyn C.]*, 140 AD3d 757,

760).

Entered:  November 18, 2016                    Frances E. Cafarell
                                               Clerk of the Court